# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

ROBUSTIANO GRIFFIN,
a/k/a ISAIAH HOOVER                                                            PLAINTIFF

V.                            CASE NO. 5:18-CV-05120

WALMART                                                                        DEFENDANT

## OPINION AND ORDER

Now pending before the Court are a Motion to Transfer (Doc. 18) and Brief in Support (Doc. 19) filed by Defendant Walmart on October 17, 2018. Plaintiff Robustiano Griffin a/k/a Isaiah Hoover, who is representing himself *pro se* in this matter, did not respond to the Motion. Mr. Griffin appeared in person along with counsel for Walmart at a case management hearing on October 11, 2018, and at that time, Mr. Griffin explained in detail the nature of his claims against Walmart and agreed then that the incident that is the subject of his lawsuit took place in the parking lot of a Walmart store outside of Atlanta, Georgia. He further agreed that the Walmart employee or contractor whom Mr. Griffin blames for causing his damages in this lawsuit was a security guard who was patrolling the parking lot in that same Walmart store in Georgia.

According to Mr. Griffin's Complaint and his oral explanation of his claims during the case management hearing, on October 11, 2017, he was sitting in his truck in the parking lot of a Walmart store after completing his grocery shopping. After some time, a Walmart security guard named Brown approached Mr. Griffin's truck, asked him to leave, and uttered a racial slur. Mr. Griffin later called Walmart and lodged complaints about the incident involving Officer Brown, but Walmart failed to address the complaints to Mr. Griffin's satisfaction.

During the case management hearing, counsel for Walmart stated on the record that he planned to file a motion to transfer this matter to the Northern District of Georgia. Because the transfer issue was discussed at length in open Court, Mr. Griffin was aware of the basis for the motion and the high likelihood that Walmart would file it in the near future. Nearly three weeks have now passed since the Motion was filed, and Mr. Griffin has failed to respond. The Court has therefore reviewed the Motion and finds, in its discretion, that the matter should be transferred to the Northern District of Georgia—where all of the events at issue in the lawsuit took place and where all relevant witnesses likely reside, including Mr. Griffin.

The change of venue statute, 28 U.S.C. § 1404(a), provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." Although the statute provides three general categories of factors that courts must consider when evaluating a motion to transfer, *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), the Eighth Circuit has declined to offer an exhaustive list, *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Rather, district courts possess the discretion under section 1404(a) "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Moreover, because "federal courts give considerable deference to a plaintiff's choice of forum . . . the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l*, 119 F.3d at 695.

As a threshold matter, the Court has satisfied itself that the Northern District of

Georgia is a district where this action originally could have been brought. 28 U.S.C. § 1404(a). Under the general venue statute, 28 U.S.C. § 1391(b)(2), venue is proper in, among other places, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Since the alleged injury in question took place in a Walmart store located in the Northern District of Georgia, venue is proper there.

Now that this threshold inquiry has been satisfied, the Court must next determine whether transfer is warranted "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts consider several relevant factors that directly bear upon the convenience of litigating in a particular court. These factors include: 1) the convenience of the parties, 2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, 3) the accessibility to records and documents, 4) the location where the conduct complained of occurred, and 5) the applicability of each forum state's substantive law. *Terra Int'l*, 119 F.3d at 696.

The convenience of the parties is neutral with respect to transfer. Walmart is headquartered in Arkansas, yet it advocates in favor of transfer to Georgia because it argues that, on balance, it would suffer greater inconvenience if it were denied the opportunity to subpoena witnesses located in Georgia who are outside the subpoena power of the Court. Mr. Griffin stated in open Court at the recent hearing that he was willing to travel to Arkansas for future proceedings, despite the fact that he lives in Georgia. The Court doubts it is actually more convenient for him to litigate this matter in Arkansas, but for purposes of this inquiry, the Court will take him at his word.

The convenience of the witnesses strongly weighs in favor of transfer to the

3

Northern District of Georgia. It is anticipated that all necessary witnesses are located in or around the Northern District of Georgia, including the store manager of the Walmart store in question, the security officer named Brown, Mr. Griffin himself, and Mr. Griffin's medical care providers. With the exception of Mr. Griffin, it is unlikely that any of the witnesses would voluntarily travel to Arkansas to testify at trial if the case remained in this District, and all witnesses would likely be outside the subpoena power of the Court.

The location of documents and evidence also appears to weigh in favor of transfer. While it is true that the digital age has made storage and transmission of evidence possible and less burdensome, courts still consider the location and access to evidence under the 1404(a) analysis. *See, e.g., In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). It is likely that any written records concerning this incident, including the police report and any documents generated by the Walmart store at issue, will be located in Georgia. Also, any of Plaintiff's medical records and bills related to this incident are likely to be located in Georgia, the location of the alleged tortious conduct and place where the Plaintiff resides.

The final factor in the "convenience" analysis is the potential application of each jurisdiction's substantive law. Regardless of whether this case is transferred or remains here, Arkansas' choice-of-law rules will ultimately govern which state's substantive law applies. If the case remained here, this Court sitting in diversity would be bound to apply the forum state's substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). That would mean that Arkansas' choice-of-law rules would apply. A similar result would occur if this case were transferred, as the Supreme Court held in *Van Dusen v. Barrack* that "the transferee district court must be obligated to apply the state law that would have

been applied if there had been no change of venue [as a] change of venue . . . should be, with respect to state law, but a change of courtrooms." 376 U.S. 612, 639 (1964).

Thus, in either case, it will be Arkansas' choice-of-law rules that govern which state's substantive law will apply. As the Arkansas Supreme Court indicated in *Ganey v. Kawasaki Motors Corp., USA*, Arkansas now relies both upon the doctrine of *lex loci delicti* and the Leflar choice-influencing factors in deciding which state's substantive law to apply. 366 Ark. 238, 251 (2006). It therefore seems likely that Arkansas' choice-of-law rules will eventually result in the application of Georgia substantive law to the underlying action—as that is where the alleged injury occurred, and as the Leflar factors likely would not change the analysis. *See Miller v. Pilgrim's Pride Corp.*, 366 F.3d 672, 674 (8th Cir. 2004) (listing the five Leflar factors: (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law).

Turning now to the "interest of justice" factors, courts consider the following: 1) judicial economy, 2) the plaintiff's initial forum choice, 3) the comparative costs to both parties of litigating in the different forums, 4) enforceability issues for any resulting judgment, 5) obstacles to a fair trial, 6) conflict of law concerns, and 7) the advantage of having a local court determine questions of local law. *Terra Int'l*, 119 F.3d at 696.

Judicial economy concerns weigh strongly in favor of transfer. Courts in the Western District of Arkansas have held that "the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus of operative facts." *Beijing Zhongyi Zhongbiao Elec. Info. Tech. v. Microsoft Corp.*, 2013 WL

3808009, at *5 (W.D. Ark. July 22, 2013); see also Miller v. Christus St. Michael Health Sys., 2017 WL 2266887, at *4 (same). As noted above, the incident that is the subject of the Complaint occurred only in Georgia, making transfer to the Northern District of Georgia appropriate.

As to Mr. Griffin's choice of forum, he made clear during the case management hearing his desire to litigate this case in Arkansas, though he failed to oppose the instant Motion to Transfer. Federal courts afford considerable deference to a plaintiff's initial choice of forum. However, courts, including those in this District, have held that when the conduct central to the complaint occurred outside of the chosen forum, plaintiff's initial choice is entitled to less weight. Miller, 2017 WL 2266887, at *4. Accordingly, although Mr. Griffin's initial choice of an Arkansas forum weighs against transfer and is a consideration for the Court, it is not a dispositive factor and must be balanced against the other factors in determining whether to transfer.

As for the comparative costs of litigating, these weigh in favor of transferring the matter to Georgia, for the reasons previously explained. The factors concerning the enforcement of judgments, conflicts of laws, and obstacles to a fair trial appear to be neutral with respect to the issue of transfer. Finally, the interests of justice favor transfer in this case, as a state retains an important interest in regulating allegedly negligent businesses and their employees within the state's boundaries.

For all of these reasons, the Court finds that transfer of this matter is warranted "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Accordingly, **IT IS ORDERED** that Defendant Walmart's Motion to Transfer (Doc. 18) is

**GRANTED**, and the Clerk of Court is directed to immediately **TRANSFER THE CASE** to the Northern District of Georgia.

**IT IS SO ORDERED** on this 7th day of November, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE